The plaintiff Jeffrey S. Case alleges cohabitation with the defendant Barbara Richardson from approximately late May 1990 to January 3, 1991. He further alleges in his paternity petition that during said period, the parties planned the conception of a child and during the month of August 1990, conceived a child. On May 24, 1991, the defendant gave birth to a female child named Sarah May. The plaintiff Case represents that he is the father of the above-named child and seeks an adjudication that he is the father of Sarah May.
The defendant Barbara Richardson, now Barbara Shank, represents in her cross-claim that on or about September 1990, she conceived a child of the defendant Gary Shank and that on May 24, 1991, Sarah Shank was born to the co-defendants.
The defendant Barbara Shank now moves for summary judgment on her cross-claim seeking to establish paternity in the defendant Gary Shank. The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact, which under the applicable principles of substantive law, entitles her to judgment as a matter of law. Mingachos v. CBS, Inc., 196 Conn. 91, 111 (1985).
The defendant makes several arguments in her effort to obtain summary judgment. First, defendant claims that co-defendant Gary Shank's acknowledgment of paternity entitles her to summary judgment. Under Connecticut General Statutes Sec. 46b-172, however, a written acknowledgment of paternity must be accompanied by "a written affirmation of paternity executed and sworn to by the mother of the child." Conn. Gen. Stat. Sec. 46b-172. While the defendant Barbara Shank has acknowledged that Gary Shank is the child's father, she has not sworn to this assertion as is required by statute. See Id. Thus, she is not entitled to summary judgment on the basis of General Statutes Sec. 46b-172. CT Page 5377
Moreover, the defendant would not prevail in her argument that the acknowledgment establishes paternity even if she were to rely upon the common law rather than statutes. It is true that the common law does not require that an acknowledgment of paternity be sworn to or meet other formal requirements. State v. Wolfe, 156 Conn. 199, 205 (1968); Fischer v. Goldstein,14 Conn. App. 487, 490 (1988). Nevertheless, the court in this case is confronted with the competing affidavit of Jeffrey Case which is sworn to and which asserts facts consistent with the belief that Jeffrey Case is the father of Sarah May. Therefore, the competing affidavit and acknowledgment present a genuine issue of fact which makes the granting of summary judgment on the basis of an acknowledgment of paternity an impossibility in the instant case. See Renkiewicz v. Renkiewicz, 180 Conn. 114, 118
(1980) (admissions of paternity are not necessarily conclusive on the issue of parentage.)
The defendant Barbara Shank also asserts that she is entitled to summary judgment on her cross-claim because the defendant Gary Shank acknowledged paternity of the child in the divorce proceeding of Richardson v. Richardson, FA90-439885S and the issue is res judicata. "If the paternity of a child is placed in issue in an action for a divorce and is adjudicated, the matter is res judicata as between the husband and wife. . . ." Perkins v. Perkins,3 Conn. App. 322, 327 (1985) (emphasis added). The plaintiff in this action, however, was not a party to the divorce proceeding and had no opportunity to litigate paternity at that proceeding. Therefore, the issue of whether Shank or Case is the father has never been litigated, nor has the plaintiff had an opportunity to litigate the paternity issue. Thus, the issue of paternity is not res judicata as it relates to the issues in this case and such an argument does not here establish a basis for summary judgment.
The defendant next claims that General Statutes Sec. 46b-60
which provides that "[a]ny child born before, on or after October 1, 1976, whose birth occurred prior to the marriage of his parents shall be deemed a child of the marriage" leads to the conclusion that Gary Shank is the father of Sarah May. To prevail under this type of statute, however, the defendant must prove that Gary Shank is the child's natural parent. See Renkiewicz,180 Conn. at 118. Since such a claim has not yet been proved, summary judgment cannot be granted on the basis of General Statutes Sec. 46b-60.
Lastly, the defendant relies upon the case of Michael H. v. Gerald D., 105 L.Ed.2d 92 (1989), for the proposition that there is no absolute constitutional right to establish biological paternity. That case centered around a statute which declared that "the issue of a wife cohabitating with her husband . . . is conclusively presumed to be a child of the marriage." Michael H., 105 L.Ed.2d at CT Page 5378 101 quoting Cal. Evid. Code Ann. Sec. 621(a) (West Supp. 1989). Connecticut does not have such a statute. As noted, General Statutes Sec. 46b-60 takes effect only if the defendant Gary Shank is proved to be the child's natural parent. Thus, the instant case is distinguishable from the Michael H. case.
For the reasons stated, the defendant's motion for summary judgment on her cross-claim is denied.